IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED

2019 JAN -2 PM 4: 15

CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
DEPUTY

SHIANA CORPORATION,          §
Plaintiff,                   §
                             §
                             §
v.                           §          EP-18-CV-188-DB
                             §
                             §
DEPOSITORS INSURANCE         §
COMPANY and DAVID MORGAN,    §
Defendants.                  §

## MEMORANDUM OPINION AND ORDER

On this day, the Court considered Plaintiff Shiana Corporation's ("Shiana")

"Motion to Remand" ("Motion"), filed in the above-captioned case on June 25, 2018.   Therein,

Shiana asks the Court to remand this case to state court.   On July 2, 2018, Defendant Depositors

Insurance Company ("Depositors Insurance") filed its "Response to Plaintiff's Opposed Motion

to Remand" ("Response").   On November 26, 2018, the Court issued an order denying Shiana's

Motion.   The Court will now explain the reasons for its decision.

## BACKGROUND

This case involves Shiana's commercial property that sustained damages after a

wind and hail storm on November 4, 2016.   Pl.'s Orig. Pet., ECF No. 1–1, Ex. A at 8.   Shiana

reported this loss to Depositors Insurance who assigned its adjuster, David Morgan ("Mr.

Morgan"), to inspect Shiana's property and assess damage from the storm on January 10, 2017.

*Id.*   Shiana alleges that Nationwide hires adjusters like Mr. Morgan who are biased for the

insurers and "low-ball" the estimates of damages and costs of the claims, which totaled

$49,268.48 after depreciation and Shiana's deductible.   *Id.* at 8–9.   Next, Shiana hired a

Texas-licensed public adjusting company to inspect and assess the damage, and in a July 10,

2017 report, its adjuster, Mr. Molina, determined that $519,459.86 was the cost of repair.   *Id.* at

9.   Depositors Insurance then hired an engineer and consulting firm to inspect the buildings in

the presence of Mr. Molina and generate a report, which Depositors Insurance and Mr. Morgan used to revise their initial estimate and increase the total claim for repairs to $67,588.401 after depreciation and deductible. *Id*. at 10. Shiana claims the consulting firm and engineer are also biased for insurers and Depositors Insurance and Mr. Morgan's reliance on the report was in bad faith. *Id*. at 9–10.

Shiana originally brought this action in the County Court at Law No. 7 of El Paso, Texas against Depositors Insurance and Mr. Morgan for breach of contrast, violations of Chapter 541 and 542 of the Texas Insurance Code and the Deceptive Trade Practices Act ("DTPA"), as well as for breach of the duty of good faith and fair dealing. Def.'s Pet. of Removal, ECF No. 1–1, Ex. A at 3; Pl.'s Orig. Pet., ECF No. 1–1, Ex. A at 11–14. Shiana sought monetary relief over $200,000, but not more than $1,000,000. Pl.'s Orig. Pet., ECF NO. 1–1, Ex. A at 7. Shiana and Mr. Morgan are residents of Texas, while Depositors Insurance is a resident of Iowa because its principal place of business and state of incorporation is Iowa. Def.'s Notice of Removal, ECF No. 1, at 2. Depositors Insurance timely removed the action to this Court asserting that federal jurisdiction is proper because complete diversity exists between plaintiff and all properly-joined defendants. Notice of Removal, ECF No. 1, at 2. To reach this conclusion, Depositors Insurances asserts that Mr. Morgan is not properly joined because Shiana cannot establish a cause of action against him and, thus, he should be dismissed as a party to this action and his citizenship disregarded for jurisdictional purposes. Resp., ECF No. 8, at 3.

## STANDARD

Provided the district court has original jurisdiction of the civil action, defendants may timely remove a cause from state to federal court. 28 U.S.C. § 1441(a) (2012). A federal

court has original jurisdiction based on diversity of citizenship when there is complete diversity of citizenship between the properly-joined parties and the amount in controversy is greater than $75,000. 28 U.S.C. § 1332(a)(1). A corporation is deemed to be a citizen of every state in which it is incorporated and has its principal place of business, while individuals are citizens of the state in which they are domiciled. 28 U.S.C. § 1332(a), (c).

Further, a diversity action is only removable if none of "the parties in interest *properly joined* and served as defendants is a citizen of the State in which such action is brought." § 1441(b) (emphasis added). When one of the parties joined would prevent complete diversity of citizenship, his presence may be disregarded if the removing party can establish that the party was improperly joined. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). However, the removing party bears the heavy burden of proving that joinder was improper by establishing either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (citation omitted). In the instant action, there is no claim of fraud in the pleadings.

Under the second test for improper joinder, courts must determine "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* One method of resolving whether there is a possibility of recovery against the in-state defendant is to conduct "a Rule 12(b)(6)-type analysis" in which the Court looks at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state

3

defendant. *Id.* The Fifth Circuit recently clarified that federal courts should use the federal court pleadings standard when conducting the Rule 12(b)(6)-type analysis of an improper joinder claim in a motion to remand to determine whether the plaintiff has stated a claim against the non-diverse defendant. *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016). Because diversity jurisdiction is determined by the status of the pleadings at the time of removal, later amendment cannot defeat federal jurisdiction and the Court should focus its analysis on the contents of the pleadings at the time of removal. *See e.g., Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995); *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted); *see also Conley v. Gibson*, 355 U.S. 41, 47 (1957). Although a complaint need not contain detailed factual allegations, a plaintiff's obligation to provide the grounds for entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Twombly*, 550 U.S. at 555. Thus, while a court must accept all the factual allegations in the complaint as true, it need not credit bare legal conclusions that are not supported by any factual underpinnings. *Kelcey v. Penn-America Ins. Co.*, No. 4:16-CV-337-A, 2016 WL 3647626, at *2 (N.D. Tex. June 30, 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). To survive a Rule 12(b)(6) motion to dismiss

for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible, not merely possible. *Id.* at *3 (citing *Iqbal*, 556 U.S. at 678).

## ANALYSIS

Here Shiana asserts that this case should be remanded to state court because Mr. Morgan was properly joined and, thus, federal diversity jurisdiction is lacking. Specifically, Shiana contends that Mr. Morgan can be held individually liable for "disregarding and/or ignoring Plaintiff's damage, providing two knowingly low-balled estimates of Plaintiff's damage, failing to reconsider the actual damage, hiring biased consultants, and continuing to low-ball Plaintiff's claim after Plaintiff's [sic] provided an estimate of damages from a licensed Texas Public Adjuster . . ." Mot., ECF No. 7, at 5. Because all factual and legal ambiguity must be resolved in favor of remand, Shiana concludes that Depositors Insurance has not borne its heavy burden of establishing no possibility of recovery against Mr. Morgan.

Depositors Insurance argues that Shiana's complaint does not allege specific actionable conduct against Mr. Morgan, but merely lumps his actions together with Depositors Insurance's actions. Further, Shiana's addition of new allegations in its Motion should be disregarded because diversity jurisdiction is determined by the status of the pleadings at the time the matter is removed. Therefore, Shiana is unable to establish a plausible right to relief against Mr. Morgan, so he should be dismissed from this case. Finally, jurisdiction is proper in this Court because the two remaining, properly-joined parties are diverse and there is more than $75,000 in controversy. The Court agrees with Depositors Insurance for the following reasons.

### 1. The In-State Defendant, Mr. Morgan, Is Improperly Joined and Shall Be Dismissed.

Under the second test for improper joinder, Shiana has not established a claim

against Mr. Morgan and Depositors Insurance has demonstrated that there is no possibility of recovery against Mr. Morgan and that there is no reasonable basis for the Court to predict that Shiana might be able to recover against him. To resolve this, the Court looked at each violation of the DTPA and Texas Insurance Code alleged in the complaint and concluded that none states a claim under state law against the in-state defendant, Mr. Morgan.

### a. Alleged Cause of Action for Violation of Provisions of the DTPA Does Not State a Claim Against Mr. Morgan.

Shiana alleges that Mr. Morgan violated various provisions of the DTPA. Although Shiana's complaint need not contain detailed factual allegations, its obligation to provide the grounds for entitlement to relief requires more than labels and conclusions, and the formulaic recitation of the elements of DTPA provisions will not do.

Rule 9(b) of the Federal Rules of Civil Procedure imposes a heightened level of pleading on claims involving allegations of misrepresentation and fraud, including claims involving the Deceptive Trade Practices Act. FED. R. CIV. P. 9(b); *see Sparling v. Doyle*, No. EP-12-cv-323-DCG, 2014 U.S. Dist. LEXIS 74362, at *37–39, (W.D. Tex. May 30, 2014). Requiring that the plaintiff "state with particularity the circumstances constituting the [alleged fraud or misrepresentation]," *see* FED. R. CIV. P. 9(b), "Rule 9(b) requires the who, what, when, where, and how to be laid out." *Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) (quoting *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003)).

Additionally, in the Fifth Circuit, the Rule 9(b) standard requires specificity as to "when and why the statements were made, and an explanation of why they were fraudulent or misrepresented." *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); *see also Berry v.*

6

*Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009) (It is well-established that "[c]laims alleging violations of the DTPA are subject to the requirements of Rule 9(b)."). A fellow Judge in this courthouse held that "[i]f Plaintiffs intend to allege a deceptive trade practices claim, then such claim fails because the Court cannot reasonably conclude who made the statements, when the misrepresentations were made, and where the misrepresentations were made." *Sparling*, No. EP-12-cv-323-DCG, 2014 U.S. Dist. LEXIS 74362, at *38–39. Without such specificity, the plaintiff failed to satisfy the heightened pleading standard. *Id.*

In addition to satisfying this heightened pleading standard, Shiana must specify Mr. Morgan's violations, rather than conflate his actions with those of Depositors Insurance. In the improper joinder context, "[m]erely lumping diverse and non-diverse defendants together in undifferentiated liability averments of a petition does not satisfy the requirement to state **specific actionable conduct** against the non-diverse defendant." *Stephenson v. Standard Ins. Co.*, No. SA:12-CV-01081-DAE, 2013 U.S. Dist. LEXIS 85156, 2013 WL 3146977, at *13 (W.D. Tex. June 18, 2013) (quoting *King v. Provident Life and Accident Ins. Co.*, No. 1:09-CV-983, 2010 U.S. Dist. LEXIS 68748, 2010 WL 2730890, at *3 (E.D. Tex. June 4, 2010) (emphasis in original)). Moreover, asserting mere bias in favor of an insurance company for which an adjuster works does not plead sufficient facts. *Lakeside FBCC, LP v. Everest Indem. Ins. Co.*, No. SA-17-CV-491-XR, 2017 U.S. Dist. LEXIS 127507, 2017 WL 3448190, at *8–9 (W.D. Tex. Aug. 10, 2017). Where a "Plaintiff makes the conclusory and boilerplate statement that [a defendant insurance adjuster] shows bias by providing favorable, result-oriented investigations, estimates, and reports to the insurance [company] . . . [without] specific details or factual information to support this allegation . . . Plaintiff [ ] has not pled sufficient facts." *Id.*

The specific provisions of the DTPA that Mr. Morgan has allegedly violated are as follows: (1) Section 17.46 (b)(5) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which the person does not; (2) Section 17.46 (b)(7) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; (3) Section 17.46 (b)(12) representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; and (4) Section 17.46 (b)(20) representing that a guaranty or warranty confers or involves rights or remedies which it does not have or involve, provided, however, that nothing in this subchapter shall be construed to expand the implied warranty of merchantability as defined in Sections 2.314 through 2.318 and Sections 2A.212 through 2A.216 to involve obligations in excess of those which are appropriate to the goods.

Here Shiana has failed to meet both the normal and heightened standards in its complaint for any of these DTPA provisions. The who, what, when, where, and how are not laid out. *See generally*, Pl's Orig. Pet., ECF 1-1, Ex. A and Mot., ECF No. 7. Nowhere in its complaint does it allege what Mr. Morgan specifically said nor when or where he made the alleged misrepresentations in violation of the DTPA. *Id.* Further, Shiana failed to allege why the statements were made, and an explanation of why they were fraudulent or misrepresented. *See generally*, Pl's Orig. Pet., ECF 1-1, Ex. A and Mot., ECF No. 7.

In an effort to show fraud or misrepresentations, Shiana lists the amounts of the estimates that Mr. Morgan made for repair, minus depreciation and deductible. *See supra* 1.

Shiana also states what their hired adjuster estimated for the repair costs (a notably higher number though without an accounting for depreciation or deductible), but Shiana does not lay out the who, what, when or why for any of the specific provisions of the DTPA that Mr. Morgan allegedly violated. *See supra* 1; Pl.'s Orig. Pet., ECF No. 1–1, at 8–11 and 12–13. Shiana merely repeats the provisions of the DTPA listed above. *See supra* 7.

For example, nowhere in its Original Petition does Shiana specify when, where, or why Mr. Morgan misrepresented the insurance policy and its characteristics or services in violation of Section 17.46 (b)(5). Like the other sections of the DTPA, Shiana merely repeats the statutory language without so much as referencing any specific statements that were made to misrepresent the characteristics or services of the policy. At most, Shiana calls Mr. Morgan biased, as well as the consultants who he knowingly hired with the intent to get "results-oriented reports and estimates to assist . . . in low-balling Plaintiff's . . . damage." Pl.'s Orig. Pet., ECF No. 1–1, at 12.

Much like the Plaintiff in *Lakeside*, Shiana merely lumps together the actions of Depositors Insurances and Mr. Morgan, which is not enough to plead sufficient facts to state a claim for relief. *Id.* at 8 (" . . . Nationwide and its adjuster, David Morgan, inspected Shiana's buildings . . . "), 9 ( ". . . Nationwide and its adjuster hired an engineer . . ."), and 10 (" . . . Nationwide and its adjuster Morgan revised its initial estimate."). In addition, and like *Lakeside*, Shiana merely asserts that Mr. Morgan is a "biased adjuster [ ]" who generates "results-oriented" reports and estimates in favor of Depositors Insurance. *Id.* at 12. This does not suffice to meet the pleading standard.

While the Court must accept all the factual allegations in the complaint as true, it

need not credit bare legal conclusions that are not supported by any factual underpinnings. Shiana would not survive a Rule 12(b)(6) motion to dismiss for failure to state a claim because the facts pleaded do not allow the Court to infer that the claims against Mr. Morgan are plausible.

### b. Alleged Causes of Action for Unfair Insurance Practices Do Not State a Claim Against Mr. Morgan.

While Texas law permits adjusters to be held individually liable for violations of the Texas Insurance Code, the adjuster must have committed some act that is prohibited by the section to be found liable, not just be connected to an insurance company's denial of coverage. *Waste Mgmt., Inc. v. AIG Specialty Ins. Co.*, No. H-16-3676, 2017 WL 3431816, at *12 (S.D. Tex. Aug. 9, 2017); *see also Lopez v. United Prop. & Cas. Ins. Co.*, 197 F. Supp. 3d 944, 949–50 (S.D. Tex. 2016); *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014); *Walters v. Metropolitan Lloyds Ins. Co. of Tex.*, 2016 WL 3764855, at *3 (E.D. Tex. July 14, 2016).

Here, Shiana fails to offer specific facts in support of its claims against Mr. Morgan and fails to make the required "[f]actual fit between the allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). Instead, Plaintiff makes conclusory allegations against Morgan that merely track the statutory language of Chapter 541 of the Texas Insurance Code and makes no reference to any material facts to which the law should apply. *See generally*, Pl.'s Orig. Pet., ECF No. 1-1, at 6–7. These include the laundry list of allegations in Plaintiff's complaint, such as "[e]ngaging in false, misleading, and deceptive acts or practices in the business of insurance in this case" and "engaging in unfair claims settlement practices." *Id.* at pp. 7–8. "[M]erely asserting a laundry list of statutory

10

violations without factual support as to how a nondiverse defendant violated the statute will not suffice." *Lakeside FBCC*, No. SA-17-CV-491-XR, 2017 U.S. Dist. LEXIS 127507, 2017 WL 3448190, at *7 (quoting *Calvary United Pentecostal Church v. Church Mut. Ins. Co.*, No. 4:15-CV-365, 2015 WL 5354827, at *3 (E.D. Tex. Sept. 14, 2015)).

Furthermore, the allegations against Mr. Morgan are indistinguishable from the allegations against Depositors Insurance. *See* Pl.'s Orig. Pet., ECF No. 1-1, at 7–8; *see supra* 9. "[W]hen an adjuster's actions can be accomplished by the insurer through an agent and when the claims against the adjuster are identical to those against the insurer, the adjuster's actions are indistinguishable from the insurer's actions and hence are insufficient to support a claim against the adjuster." *Keen v. Wausau Bus. Ins. Co.*, 875 F. Supp. 2d 682, 686 (S.D. Tex. 2012); *Dalton v. State Far, Lloyd's, Inc.*, No. H-12-3004, 2013 U.S. Dist. LEXIS 86490, 2013 WL 3157532, at *2 (S.D. Tex. June 19, 2013); *Young v. Travelers Personal Security Ins. Co.*, No. 4:16-CV-235, 2016 U.S. Dist. LEXIS 105397, 2016 WL 4208566, at *4 (S.D. Tex. Aug. 10, 2016); *Spring Street Apts. Waco, LLC v. Philadelphia Indemnity Ins. Co.*, No. W-16-CA-00315-JCM, 2017 U.S. Dist. LEXIS 53411, 2017 WL 1289036 (W.D. Tex. Apr. 6, 2017).

2. **Shiana and Depositors Insurance are diverse and Shiana has alleged more than $75,000 in controversy, which maintains diversity jurisdiction and removal.**

Although not disputed, the Court acknowledges that the amount in controversy exceeds the jurisdictional threshold and the remaining plaintiff and defendant, Shiana and Depositors Insurance, are diverse. Therefore, this Court has diversity jurisdiction and removal is proper, so Shiana's Motion shall be denied.

Shiana's Original Petition alleges damages over $75,000. Specifically, Shiana seeks "monetary relief over $200,000, but not more than $1,000,000." Pl.'s Orig. Pet., ECF

NO. 1–1, Ex. A at 7. The amount in controversy plainly exceeds $75,000, exclusive of interest and costs. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

The remaining parties are diverse: Shiana is a "citizen" of Texas and Depositors Insurances is a "citizen" of Iowa. Plaintiff Shiana is a domestic for-profit corporation that is incorporated and maintains its principal place of business in Texas. Pl.'s Orig. Pet., ECF NO. 1–1, Ex. A at 7. Defendant Depositors Insurance is organized under the laws of Iowa and maintains its principal place of business in Iowa. Def's Notice of Removal, ECF No. 1, at 1. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Shiana is a citizen of Texas and Depositors Insurance is a citizen of Iowa.

## CONCLUSION

Shiana's Motion was denied because the in-state defendant, Mr. Morgan, is improperly joined. No cause of action for violations of the DTPA nor unfair insurance practices can be stated against Mr. Morgan, therefore he shall be dismissed. The remaining parties, Shiana and Depositors Insurance, are diverse and Shiana has alleged more than $75,000 in controversy, which maintains diversity jurisdiction and removal.

**IT IS HEREBY ORDERED** that Defendant David Morgan is **DISMISSED WITH PREJUDICE** from the instant case.

**SIGNED** this **2nd** day of **January 2019.**

_____
THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE

12